```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                            AT NASHVILLE

MARK T. SMITH, ESQ., et al.,      )
                                  )
        Plaintiffs                )
                                  )    No. 3:16-0722
v.                                )    Judge Crenshaw/Bryant
                                  )
DENNIS SCHUELKE,                  )
                                  )
        Defendant                 )
```

**TO:   THE HONORABLE WAVERLY D. CRENSHAW, JR.**

## REPORT AND RECOMMENDATION

Plaintiff Sumner County Regional Airport Authority ("SCRAA") has filed its motion to remand this case to the General Sessions Court of Sumner County pursuant to 28 U.S.C. § 1447(c) (Docket Entry No. 14). As a ground for its motion, Plaintiff asserts that court lacks subject-matter jurisdiction of this action. Defendant Schuelke, who is proceeding *pro se*, has responded in opposition (Docket Entry Nos. 23, 24 and 25).

For the reasons stated below, the undersigned Magistrate Judge finds that Plaintiff's motion for remand should be granted and that this case should be remanded to the General Sessions Court for Sumner County, Tennessee.

### STATEMENT OF THE CASE

On January 27, 2016, Plaintiff SCRAA instituted an unlawful detainer action against Defendant Dennis Schuelke to obtain possession T-hangar No. 26 at the Sumner County Regional

Airport in Gallatin, Tennessee (Docket Entry No. 4-1). As grounds, the detainer warrant alleges that Defendant Schuelke had failed to sign the rental agreement for this T-hangar.

On April 8, 2016, Defendant Schuelke filed his motion to remove this case to federal district court, apparently upon the jurisdictional ground of federal question pursuant to 28 U.S.C. §§ 1331 and 1446. According to Defendant's motion to remand, Plaintiff SCRAA is seeking to compel him to sign a new hangar lease containing a number of provisions to which Defendant objects, and that such attempt by the Airport Authority violates a number of federal statutory provisions (Docket Entry No. 1).

## ANALYSIS

Section 1441 of Title 28 of the United States Code provides that any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant to the district court. Under what has become known as the "the well-pleaded complaint rule" federal claims triggering subject-matter jurisdiction necessary for removal must appear in the Plaintiff's complaint. *Dillon v. Medtronic, Inc.*, 922 F.Supp.2d 751 (E.D. Ky. 2014). Only a complaint can establish federal jurisdiction, and thus such jurisdiction cannot be predicated on an actual or anticipated defense. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). For purposes of establishing

federal jurisdiction for removal, issues raised in responsive pleadings are irrelevant. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 536 U.S. 826, 832 (2002). Applying the well-pleaded complaint rule to the detainer warrant in this action, the undersigned Magistrate Judge finds no federal question. To the contrary, the warrant on its face appears to be a straight-forward action by the Plaintiff Airport Authority seeking possession of T-hangar 26 from Defendant Schuelke based upon Schuelke's failure to sign the lease.

In his motion for removal, Defendant alleges that SCRAA's attempt to force him to enter a new hangar lease as well as its attempt to regain possession of the subject T-hangar violates a host of federal statutes (Docket Entry No. 1). Without determining whether any of Schuelke's defenses have merit, the undersigned finds that they are just that – defenses. Under the established authority cited above, defenses, even those that may be based upon federal statutes or constitutional provisions, do not establish subject-matter jurisdiction in this Court under the well-pleaded complaint rule.

For the foregoing reasons, the undersigned Magistrate Judge finds that this Court lacks subject-matter jurisdiction of this action, that Plaintiff's motion to remand should be granted,

3

and that this action should be remanded to the General Sessions Court of Sumner County, Tennessee.

### RECOMMENDATION

For the reasons stated above, the undersigned recommends that Plaintiff's motion to remand be granted and that this action be remanded to the General Sessions Court of Sumner County.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 10th day of June, 2016.

/s/ John S. Bryant  
JOHN S. BRYANT  
United States Magistrate Judge